UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| A&L INDUSTRIES, INC., | : | |
| | : | Civil Action No. 10-3636 (PGS-ES) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| | : | |
| CDM TECHNICAL TRAINING | : | |
| INSTITUE, INC. et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**SALAS, United States Magistrate Judge**

Before this Court is Plaintiff A&L Industries, Inc.'s (the "Plaintiff") motion to remand (the "Motion"). (Docket Entry No. 2). Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Peter G. Sheridan, United States District Judge, has referred the motion to the undersigned for report and recommendation. For the reasons set forth below, the undersigned recommends granting the Motion to Remand and denying the request for costs and attorney's fees.

**I. BACKGROUND**

On May 28, 2010, Plaintiff, a New Jersey corporation acting as class representative, filed a class action complaint in Essex County Superior Court (the "State Court Action"), alleging Defendants CDM Technical Training Institute, Mark Miller, and Mary Miller ("Defendants")

violated the Telephone Consumer Protection Act, 47 U.S.C. § 227[1] (the "TCPA") by sending advertisements via facsimile to Plaintiff without Plaintiff's prior express invitation or permission. (Docket Entry No. 2-3, pg. 3-4).

Plaintiff timely served the summons and complaint upon Defendants and on July 14, 2010, Defendants filed a notice of removal.  (Docket Entry No. 1).  On August 23, 2010, Plaintiff filed the Motion claiming this Court lacks subject matter jurisdiction over Plaintiff's claims because the Third Circuit has ruled that there is no federal question jurisdiction over claims arising under the TCPA. (Docket Entry No. 2-1, pg. 1).  Plaintiff also requested an award of attorney's fees and costs incurred as a result of the alleged improper removal.  (Docket Entry No. 2-1, pg. 6).  Defendants oppose remand arguing that 28 U.S.C. § 1331 confers upon the United States District Courts "original jurisdiction of all actions arising under the laws of the United States," including actions arising under the TCPA, a federal statute.  (Docket Entry No. 11, pg. 4).


## II. DISCUSSION

### A.   <u>Motion to Remand</u>

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . ."  28 U.S.C. § 1441(a); *see also Metro.*

---

[1] 47 U.S.C. § 227 was amended by 47 U.S.C. § 227(e) on December 22, 2010, by inserting a new subsection (e) regarding manipulation of caller identification information and redesignating subsections (e), (f), and (g) as subsections (f), (g), and (h), respectively.  This amendment did not alter the relevant statutory language at issue, and therefore has no effect on Plaintiff's claim.

2

*Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Since federal courts are of limited jurisdiction, actions can only be removed to federal court pursuant to § 1441(a) if the action arises under the Constitution or laws and treaties of the United States, providing a federal question, or if the matter in controversy exceeds $75,000 and consists of a dispute between citizens of different states, providing diversity of citizenship.  28 U.S.C. §§ 1331, 1332.

On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the court.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand. *Id.*; *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Plaintiff seeks to remand this case on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's claims because the Third Circuit ruled that there is no federal question jurisdiction over claims arising under the TCPA, as Congress intended only state court jurisdiction over TCPA claims.  *See ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998). Plaintiff asserts that *ErieNet* is binding precedent on this Court, as the Supreme Court has not yet ruled on this issue.  (Docket Entry No. 2-1, pg. 1).

Defendants argue that they properly removed this matter to federal court because the TCPA is a federal law and 28 U.S.C. § 1331 confers on the United States District Courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Defendants contend that this Court should not follow the majority opinion in *ErieNet* and suggest that Plaintiff's rely upon dicta rather than upon binding law.  (Docket Entry No.

3

11, pg. 13-14).  Defendants further argue that the Court should instead adopt Judge Alito's dissent in *ErieNet*, finding that the TCPA created concurrent jurisdiction between state and federal courts. *See ErieNet*, 156 F.3d at 521-522; (Docket Entry No. 11, pg. 12).  Defendants also argue that *ErieNet* is not applicable because the TCPA has been amended since the Third Circuit's ruling.  (Docket Entry No. 11, pg. 8-11).  Finally, Defendants cite to a Seventh Circuit opinion which ruled that federal question jurisdiction exists under the TCPA. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); (Docket Entry No. 11, pg. 12).

The Court, however, is not persuaded by Defendants' arguments and finds that *ErieNet* is binding.  As such, the Court recommends that Judge Sheridan grant the Motion.  In *ErieNet*, the Third Circuit considered whether the district court had federal subject matter jurisdiction to hear 47 U.S.C. § 227 cases brought under the private enforcement provision of the act.  *ErieNet*, 156 F.3d at 514.  The relevant language of the TCPA statute states that "a person or entity may . . . bring in an appropriate <u>court of that State</u> . . . an action to recover for actual monetary loss from such a violation, or to receive $500 in damages . . ."  47 U.S.C. § 227(b)(3) (emphasis added).  The Third Circuit held that by specifically referencing only state courts, 47 U.S.C. § 227(b)(3) manifested Congress' intent to divest federal courts of their jurisdiction under 28 U.S.C. § 1331.  *ErieNet*, 156 F.3d at 519.  Here, Plaintiff's complaint brings a private right of action under 47 U.S.C. § 227(b)(3), therefore, the Third Circuit's construction of the statute controls.  The Court notes that the 2003, 2005, and 2010 amendments to the TCPA did not change 47 U.S.C. § 227 (b)(3), the relevant section

4

interpreted by the Third Circuit.[2]  As such, *ErieNet* is still controlling.

Finally, Defendants have not pointed the Court to any binding authority to support their position.  The Court is not bound to follow Judge Alito's dissenting opinion in *ErieNet* or the Seventh Circuit opinion in *Brill*.  *See Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980) ("Decisions of the Court of Appeals for a given circuit are binding on the district courts within the circuit, but are not binding on courts in other circuits"); *see also Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988) ("[A] district court does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent").  Accordingly, based on *ErieNet*, this Court recommends that Judge Sheridan grant the Motion to Remand.

**B.**     **Costs and Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision whether to award fees and costs lies in the Court's discretion.  *See Siebert v. Norwest Bank Mn.*, 166 Fed. Appx. 603, 606-07 (3d Cir. 2006) (noting that "[Section] 1447(c) grants district courts broad discretion in determining whether to award fees following a remand").  The Supreme Court has stated that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin*

---

[2] Cases following the TCPA amendments continue to follow *ErieNet*.  *See Margulis v. Resort Rental, LLC*, No. 08-cv-1719, 2008 WL 2775494, *1 n.1 (D.N.J. July 14, 2008) ("[S]uits brought under the TCPA cannot be filed in or removed to federal court based on federal question jurisdiction").

*Capital Corp.*, 546 U.S. 132, 141 (2005).  While Defendants' reasons for removal are attenuated, the Court does not find that Defendants lacked any objectively reasonable basis for removal. Therefore, this Court recommends that Judge Sheridan deny the award of costs and attorney's fees.


## III.  CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **GRANT** Plaintiff's Motion to Remand and **DENY** Plaintiff's request for costs and attorney's fees.  Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.


s/Esther Salas
ESTHER SALAS
UNITED STATES MAGISTRATE JUDGE

6